WILLIAM W. OXLEY (SBN 136793)
Woxley@orrick.com
MEGHAN ROHLING KELLY (SBN 292236)
Meghan.kelly@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Ave., Suite 2700
Los Angeles, CA  90071
Telephone:   213-629-2020
Facsimile:    213-612-2499

Attorneys for Defendant
THE GOLDMAN SACHS GROUP, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA CHAVIRA-WALKER, an individual; and GREGORY WALKER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>NURSERY PRODUCTS, LLP, a corporation; SYNAGRO TECHNOLOGIES, INC., a corporation; SYNAGRO WWT, INC., a corporation; THE GOLDMAN SACHS GROUP, INC., a corporation; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 5:23-cv-00512<br><br>**DEFENDANT THE GOLDMAN SACHS GROUP, INC.'S NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Defendant The Goldman Sachs Group, Inc. ("GS Group") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446(b) to effect the removal of the above-captioned action, which was commenced in the Superior Court of California, San Bernardino County. Every named defendant has consented to GS Group's filing of this Notice of Removal, which is proper for the reasons stated below.[1]

## BACKGROUND

1. On October 3, 2022, Roberta Chavira-Walker and Gregory Walker ("Plaintiffs") filed a complaint in the Superior Court of California, San Bernardino County. Ex. A ("Complaint"). The Complaint's allegations involve substantially similar events as those alleged in *Blevins v. Synagro*, C.D. Cal. No. 5:22-cv-01866, which GS Group removed from San Bernardino Superior Court on October 24, 2022, and is currently pending before this Court.

2. The Complaint asserts the following causes of action: (1) Negligence, (2) Strict Liability for Ultrahazardous Activities, (3) Continuing Private Nuisance, (4) Permanent Private Nuisance, (5) Continuing Public Nuisance, (6) Permanent Public Nuisance, (7) Violation of Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*), and (8) Trespass. Complaint ¶¶ 85-189.

3. Plaintiffs allege that defendants GS Group, Synagro Technologies, Inc. ("Synagro Technologies"), Synagro-WWT, Inc. ("Synagro-WWT"), "Nursery Products, LLP"—a misnomer of Nursery Products, LLC ("Nursery Products")[2]— and Does 1 through 100 (collectively, "Defendants") engaged in a "negligent

---

[1] By filing this notice of removal, GS Group does not waive, and specifically preserves, all arguments and defenses to the Complaint, including those arising from personal jurisdiction.

[2] The Complaint alleges that "Nursery Products, LLP … owns and operates the Nursery Products Hawes Composting Facility located at 14479 Cougar Road, Helendale, California 92342 in San Bernardino County." Complaint ¶ 9. Public records indicate that Nursery Products, LLC operates that facility and has a matching business address. Decl. of Meghan Rohling Kelly ("Kelly Decl."), Exs. 1, 2. Furthermore, Nursery Products, LLC was in fact served with the Complaint. Decl. of Elizabeth Grant ("Grant Decl.") ¶ 5 & Ex. 1.

disregard for safety" related to the Nursery Products Hawes Composting Facility ("the Facility"). Complaint ¶ 1.

4. Plaintiffs allege that Nursery Products, Synagro-WWT, and Synagro Technologies operated a joint venture with respect to their ownership and control of the Facility and refer to these Defendants as "Facility Defendants." Complaint ¶ 17. They allege that "each of the Defendants was the agent, servant, employee, and/or partner of each of the remaining Defendants." *Id.* ¶ 15. Plaintiffs bring the second through sixth and eighth causes of action against the Facility Defendants and bring the first and seventh causes of action against all Defendants. *Id.* ¶¶ 85-189.

5. Plaintiffs allege that Facility Defendants have failed to comply with state and county regulations by, inter alia, processing excessive and unpermitted forms of waste, allowing waste and litter to accumulate at the facility, failing to comply with appropriate fire safety standards, and engaging in unpermitted off-site dumping. *See, e.g.*, Complaint ¶¶ 33, 37, 44-46, 49-51, 65-67. Plaintiffs contend that Facility Defendants engaged in the aforementioned conduct despite knowing that "the risk of fire was likely." *Id.* ¶ 47.

6. Plaintiffs allege that as a result of this conduct, on May 28, 2022, spontaneous combustion in a compost pile at the Facility caused a fire. Complaint ¶¶ 56-63. They further allege that wind carried smoke, strong odors, and particulate matter from the fire to neighboring communities and that the fire injured local residents in various ways. *Id.* ¶¶ 64, 68-78.

7. GS Group was served through its agent for service of process on February 24, 2023. A copy of the Complaint, Summons, and Civil Case Cover Sheet are attached hereto as Exhibit A to this notice. Therefore, this Notice of Removal is timely under the 30-day removal period. 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1)(C).

## THERE IS DIVERSITY OF CITIZENSHIP

8. GS Group removes this action based on 28 U.S.C. §§ 1332(a), 1441(a), and 1446(b). Section 1332 gives this Court original jurisdiction over civil actions between citizens of different States where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

9. The diversity requirement is satisfied where no party properly joined and served as a defendant is a citizen of the same State as any plaintiff. 28 U.S.C. §§ 1332(a)(1), 1441(b)(2). Here, Plaintiffs are citizens of the forum State (California), and no defendant is a citizen of that State.

10. **Plaintiffs' Citizenship:** For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place where he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiffs allege that they reside and are domiciled in the State of California. Complaint ¶¶ 1, 8, 25. GS Group therefore also alleges that Plaintiffs are domiciled in and are citizens of the State of California.

11. **Defendants' Citizenship:** A corporation is deemed a citizen in every State in which it is incorporated and the State in which it has its primary place of business. 28 U.S.C. § 1332(c)(1); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). In contrast, a limited liability company "is a citizen of every state of which its owners/members are citizens." *Id.* The Supreme Court has "consistent[ly] refus[ed] to extend the corporate citizenship rule to non-corporate entities, including those," like limited liability companies, "that share some of the characteristics of corporations." *Id.*

12. GS Group is alleged in the Complaint to be a Delaware corporation with its principal place of business in New York, New York. Complaint ¶ 12. GS

Group also alleges these facts. Accordingly, GS Group is deemed a citizen of Delaware and New York for the purposes of establishing diversity jurisdiction.

13. Synagro Technologies is a Delaware corporation with its principal place of business in Baltimore, Maryland. Grant Decl. ¶ 2; *see also* Complaint ¶ 11 (alleging same facts). Accordingly, Synagro Technologies is deemed a citizen of Delaware and Maryland for the purposes of establishing diversity jurisdiction.

14. Synagro-WWT is a Maryland corporation with its principal place of business in Baltimore, Maryland. Grant Decl. ¶ 3; Kelly Decl., Ex. 1. Accordingly, Synagro-WWT is deemed a citizen of Maryland for the purposes of establishing diversity jurisdiction.[3]

15. Nursery Products is alleged in the Complaint to be "a California corporation with its principal place of business in California." Complaint ¶ 9. However, Nursery Products is a limited liability corporation, not a corporation. As such, its citizenship is determined by the citizenship of its members. *Johnson*, 437 F.3d at 899; *see also id.* at 896-97.[4] The Complaint fails to identify Nursery Products' members or allege their respective citizenships. *De Leon v. Aurora Loan Servs.*, No. cv-09-8389, 2009 WL 5065254, at *1 (C.D. Cal. Dec. 15, 2009) ("To establish the citizenship of a limited liability company, Defendant must, at a minimum, allege the citizenship of all members of the limited liability company."). GS Group alleges that the sole member-owner of Nursery Products is Synagro-WWT, which is a Maryland corporation. Grant Decl. ¶ 4; Kelly Decl., Ex. 1. Therefore, Nursery Products is deemed a citizen of Maryland for the purposes of establishing diversity jurisdiction.

16. **Doe Defendants' Citizenship:** The citizenship of fictitiously named defendants is disregarded when establishing diversity jurisdiction under 28 U.S.C.

---

[3] The Complaint alleges that Synagro-WWT's principal place of business is in Houston, Texas. Complaint ¶ 10. This would still establish complete diversity from Plaintiffs.

[4] The same rule would apply even if Nursery Products were a limited liability partnership as misnamed in the Complaint. *Johnson*, 437 F.3d at 899; *see* Complaint ¶ 9.

§ 1332. *See* 28 U.S.C. § 1441(b)(1); *see also Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989) (discussing same rule as previously codified in § 1441(a)).

## **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

17.     The notice of removal may assert the amount in controversy where the complaint seeks nonmonetary relief, or where a money judgment is sought but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded. 28 U.S.C. § 1446(c)(2)(A). Removal is proper on the basis of the asserted amount if the Court finds by a preponderance of the evidence that the amount in controversy for an individual plaintiff, including attorney's fees, would exceed $75,000. 28 U.S.C. § 1446(c)(2)(B); *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). When the amount in controversy is not "facially apparent" from the complaint, "the court may consider facts in the removal petition" to determine the potential damages at issue. *Kroske*, 432 F.3d at 980 (quoting *Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). The preponderance burden is satisfied where the defendant's calculations are conservative and made in good faith. *See Behrazfar v. Unisys Corp.*, 687 F.Supp.2d 999, 1004 (C.D. Cal. 2009).

18.     In this proposed civil action, Plaintiffs' prayer for relief includes nonmonetary relief. Complaint at 34 (seeking a "permanent injunction" against Defendants requiring them to, among other things, "abate the nuisance" and "repair and restore areas impacted by the release of toxic materials"). Furthermore, under California law, a plaintiff may recover damages in excess of the amount demanded. *Greenup v. Rodman*, 42 Cal.3d 822, 827 (1986) ("[T]he court is not bound by the demand of the complaint, but may award any relief consistent with the case made by the plaintiff."); Cal. Code of Civ. Proc. § 580(a). GS Group may therefore assert the amount in controversy in its notice of removal.

19. Although the Complaint fails to demand a specific sum, the amount in controversy for each plaintiff is likely to exceed $75,000. GS Group provides the following analysis of potential damages (without admitting liability or that any Plaintiff is entitled to the relief sought) based on the allegations in Plaintiffs' Complaint in order to demonstrate that the Complaint would put into controversy a sufficient amount as to warrant removal under 28 U.S.C. § 1332(a).[5]

20. Plaintiffs seek damages for, among other things, "personal injuries, property damage, damage to the health of their pets," and "diminution in property value." Complaint at 34. Plaintiffs also seek general damages for "fear, worry, annoyance, discomfort, disturbance, inconvenience, mental anguish, emotional distress, and loss of quiet enjoyment of property" that allegedly resulted from the conditions at the Facility described in the Complaint. *Id.* at 35.

21. Additionally, Plaintiffs seek recovery of past and future medical expenses and medical monitoring expenses resulting from Defendants' alleged conduct. Complaint at 34. The Complaint alleges that Plaintiffs' "exposure to these dangerous substances and conditions is such that Plaintiffs have been placed at an increased risk of contracting latent illness and disease, including but not limited to respiratory, cardiovascular, neurological, and mental health issues, and as such, require medical monitoring." Complaint ¶ 81.

22. Additionally, Plaintiffs allege they are entitled to "punitive and exemplary damages in an amount to be ascertained which is appropriate to punish or set an example of Defendants and deter such behavior by Defendants and others in the future." Complaint ¶ 101. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

23. Based on the alleged facts underlying Plaintiffs' claims and similar cases heard by federal district courts in the State of California, GS Group

---

[5] GS Group reserves the right to deny Plaintiffs' allegations in their entirety.

conservatively estimates that the amount in controversy significantly exceeds $75,000 for each individual plaintiff. *See, e.g.*, *Schaeffer v. Gregory Vill. Partners L.P.*, No. 3:13-cv-04358, 2015 WL 10553230 (N.D. Cal. Nov. 23, 2015) (awarding two plaintiffs $706,500 for contaminated air, soil, and water under theories including public nuisance, private nuisance, trespass, negligence, and ultrahazardous activity); *Walnut Creek Manor, LLC v. Mayhew Ctr., LLC*, No. 4:07-cv-05664, 2009 WL 3260096 (N.D. Cal. June 1, 2009) (one plaintiff awarded $1,947,000 under theories of private nuisance, public nuisance, trespass, negligence, negligence per se, and strict liability after jury found that harmful chemicals were released from defendant's property); *N. Cal. River Watch v. Waste Mgmt. Inc.*, No. 08-cv-01686, 2008 WL 7390626 (N.D. Cal. Oct. 20, 2008) (defendant enjoined and compelled to pay $100,000 in attorney's fees after improperly disposing of hazardous waste); *Stanton Rd. Assocs. v. Lohrey Enters.*, No. C890947, 1991 WL 632301 (N.D. Cal. Apr. 15, 1991) (one plaintiff awarded $389,925 in consequential damages and $126,198 in attorney's fees after the defendant's commercial dry-cleaning business contaminated neighboring property owned by plaintiff).

24.   A conservative estimate of the damages associated with Plaintiffs' claims satisfies the $75,000 minimum without addressing potential attorney's fees, which have historically amounted to over $100,000 in similar cases. *See, e.g.*, *Stanton Rd. Assocs.*, 1991 WL 632301 ($126,198 in attorney's fees). Following from the above analysis, the amount-in-controversy requirement under 28 U.S.C. § 1332(a) is easily satisfied here, even before the Court factors in Plaintiffs' request for punitive damages.

## **VENUE**

25.   Venue is proper in the Eastern Division of the Central District of California pursuant to 28 U.S.C. §§ 84(c), 1391, and 1446(a). This action was originally brought in the Superior Court of California, San Bernardino County,

located in the Central District's Eastern Division. 28 U.S.C. § 84(c)(1). Furthermore, the Complaint alleges that the events giving rise to the action occurred in San Bernardino, California. Complaint ¶ 7.

**NOTICE OF REMOVAL**

26. This Notice of Removal shall be served promptly on Plaintiffs' Counsel of Record and filed with the Clerk of the Superior Court of California, San Bernardino County.

27. In compliance with 28 U.S.C. § 1446(a), attached hereto as Exhibit A to this notice are copies of all state-court papers served herein, including the Complaint and Summons.

28. As stated above, all Defendants have consented to GS Group's filing of this Notice of Removal.

Dated: March 24, 2023

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ *Meghan Rohling Kelly*
MEGHAN ROHLING KELLY
Attorney for Defendant
THE GOLDMAN SACHS GROUP, INC.